Brayan Javier Reyes Villalobos
8:24-cr-149-WFJ-AEP

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number 8:19-cr-192-WFJ-AEP |
| v. | USM Number: 55052-510 |
| ELIEZER RENE DE LEON LOPEZ | Bonnie Klapper, Retained |

## JUDGMENT IN A CRIMINAL CASE

The Defendant pleaded guilty to Count One of the Indictment. The Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. § 959, 963, and 960(b)(1)(B)(ii); 18 U.S.C. §§ 3238 | Conspiracy to Distribute Five Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, Knowing or Having Reasonable Cause to Believe the Cocaine Would Be Unlawfully Imported into the United States. | March 24, 2024 | One |

The Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the Defendant shall notify the court and United States Attorney of any material change in the Defendant's economic circumstances.

Date of Imposition of Judgment:

January 7, 2025

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

January ___, 2025

AO 2458 (Rev. 09/19) Judgment in a Criminal Case

Brayan Javier Reyes Villalobos
8:24-cr-149-WFJ-AEP

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **FORTY-ONE (41) MONTHS** with a credit for time served beginning on April 19, 2023.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be incarcerated at the FCI Coleman low as a first choice and FCI Miami as a second choice.

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

Brayan Javier Reyes Villalobos
8:24-cr-149-WFJ-AEP

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant will be on supervised release for a term of **FIVE (5) YEARS.**

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, you must submit to random drug testing not to exceed two tests per week.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

The Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The Defendant shall also comply with the additional conditions on the attached page.

**Brayan Javier Reyes Villalobos**
**8:24-cr-149-WFJ-AEP**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, the Defendant will receive instructions from the court or the Probation Officer about how and when the Defendant must report to the Probation Officer, and the Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours.**
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
12. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____


AO 2458 (Rev. 09/19) Judgment in a Criminal Case

Brayan Javier Reyes Villalobos
8:24-cr-149-WFJ-AEP

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. If the defendant is deported, he shall not re-enter the United States without the express permission of the appropriate governmental authority.

AO 2458 (Rev. 09/19) Judgment in a Criminal Case

Brayan Javier Reyes Villalobos
8:24-cr-149-WFJ-AEP

## CRIMINAL MONETARY PENALTIES

The Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $100.00 | N/A | Waived | N/A | N/A |

## SCHEDULE OF PAYMENTS

Having assessed The Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the Probation Officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, **(4) AVAA assessment**, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.